IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS S. MARISCO, | ) |
| Plaintiff, | ) Civil Action No. 14-397 |
| v. | ) |
| RORY M. MARISCO, | ) |
| Defendant. | ) |

### Memorandum Opinion & Order

On March 16, 2016, we issued an Opinion and Order ruling in favor of Plaintiff Louis Marsico and awarding him of $14,979.61 in medical damages and $50,000 for pain and suffering and loss of enjoyment of life. Presently before the Court is Louis Marscio's Motion for Reconsideration of the Damage Aspect of the Court's Ruling and Brief in Support. ECF Nos. 54 & 55.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999), *citing* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995); *see also* NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995).

Mr. Marsico alleges that the Court committed a clear error of law or fact in that he claims that because the comparable cases we reviewed were from 1974 to 2001, we failed to take into account the inflation rate, or a statutory interest, that should have been applied to the damage award. Perhaps we should have been more explicit, but we in fact did consider the age of the cases we reviewed when comparing Mr. Marsico's injury, pain and suffering, and loss of enjoyment of life. While we were aware of the dollar amount of damages awarded in each case as well as the year in which the damages were awarded, we independently considered an appropriate damage award for Mr. Marscio that was not based on a dollar for dollar comparison to the damage awards in the cases we reviewed. That is, we concluded that in 2016 an award of $50,000 in damages was the appropriate amount to be awarded in this case. In our opinion if the damages in this case had been awarded in 2006, or 1996, or any prior year, the award would have been discounted to reflect the equivalent value of $50,000 in each of those years. We thus will deny the motion for reconsideration.

AND NOW, to-wit, this 4th day of April, 2016, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Reconsideration of the Damage Aspect of the Court's Ruling (ECF No. 54) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge